UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-cv-20265-ALTMAN

**ALBERTO FRANCISCO RUIZ**,

    *Petitioner*,

v.

**RICKY DIXON, SECRETARY,
FLORIDA DEPARTMENT OF
CORRECTIONS**,

    *Respondent*.

_____/

## ORDER

    The Petitioner, Alberto Francisco Ruiz, has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Petition [ECF No. 1]. Ruiz, a state prisoner, is challenging the Florida Department of Corrections's failure to "credit [him] for the time [he] spent in federal custody awaiting sentencing[.]" *Id.* at 8. The Respondent filed a Response, asking us to dismiss the Petition on the merits and because of Ruiz's "fail[ure] to exhaust his available remedies in state court and within the Florida Department of Correction['s] grievance process." Response [ECF No. 8] at 7. Ruiz has not replied. *See generally* Docket. After careful review, we **DISMISS** the Petition *without prejudice*.

### THE FACTS

    On November 16, 2011, Alberto Francisco Ruiz was adjudicated guilty of second-degree murder in the Eleventh Judicial Circuit Court in and for Miami-Dade County, Florida. *See* Judgment, *State v. Ruiz*, No. F08-012061 (Fla. 11th Cir. Ct. Nov. 16, 2011), DIN No. 515 at 1. On March 23, 2012, Ruiz was sentenced to 25 years in state prison and was awarded 1,283 days in jail credit for the time he'd spent in state custody before his sentence. *See* Sentence, *State v. Ruiz*, No. F08-012061 (Fla. 11th Cir. Ct. Apr. 4, 2012), DIN 548 at 1, 3. The state court later granted Ruiz's motion for additional

jail credit, increasing his total jail credits to 1,423 days. *See* Order Granting Def's Motion for Additional Time Credit, *State v. Ruiz*, No. F08-012061 (Fla. 11th Cir. Ct. July 24, 2012), DIN No. 563.

That wasn't Ruiz's first rodeo in a criminal prosecution. In 1999, Ruiz had been convicted in *federal* court of possessing with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). *See* Judgment, *United States v. Ruiz*, No. 98-cr-00079-JES (M.D. Fla. Mar. 22, 1999), ECF No. 57. Over twenty years later, a U.S. Probation Officer alleged that Ruiz had violated the terms of his *federal* order of supervision several times in 2008 by, among other things, committing the second-degree murder that had landed him in state prison. *See* Second Superseding Petition, *United States v. Ruiz*, No. 07-tp-20065-RKA (S.D. Fla. May 13, 2022), ECF No. 5 at 2. Ruiz was ordered transported to this District for an initial appearance on the revocation of his supervised release. *See* Amended Writ of Habeas Corpus ad Prosequendum, *State v. Ruiz*, No. F08-012061 (S.D. Fla. Dec. 14, 2023), ECF No. 14.

On December 19, 2023, Ruiz was transferred from Union Correctional Institution in Raiford, Florida to the custody of the U.S. Marshals. *See* Inmate Transfer History [ECF No. 8-6] at 2. Once Ruiz arrived in federal court, we determined that he had violated the terms of his supervised release and sentenced him to 24 months in prison—to run concurrently with his ongoing state-court sentence in Case No. F08-012061. *See* Judgment & Commitment Upon Revocation of Supervised Release, *United States v. Ruiz*, No. 07-tp-20065-RKA (S.D. Fla. May 6, 2024). Ruiz returned to state custody on June 19, 2024. *See* Inmate Transfer History at 2. On January 9, 2025, Ruiz filed this Petition, alleging that the Florida Department of Corrections didn't properly credit him for the time he spent in federal custody from December 19, 2023, to June 19, 2024. *See generally* Petition.

## THE LAW

### I. The Habeas Corpus Statute, 28 U.S.C. § 2241

The federal habeas corpus statute, 28 U.S.C. § 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties

2

of the United States.'" *Cadet v. Bulger*, 377 F.3d 1173, 1181–82 (11th Cir. 2004) (quoting 28 U.S.C § 2241(c)(3)). "[A]n action brought pursuant to [§ 2241] is the proper vehicle to challenge the execution of a sentence, rather than the validity of the sentence itself." *United States v. Kinsey*, 393 F. App'x 663, 664 (11th Cir. 2010) (citing *Antonelli v. Warden, U.S.P. Atl.*, 542 F.3d 1348, 1352 (11th Cir. 2008)). "It is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation." *Blankenship v. Hall*, 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

But habeas petitioners must exhaust their administrative remedies before filing a § 2241 petition. *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). While this exhaustion requirement isn't jurisdictional, courts may not "disregard a failure to exhaust . . . if the respondent properly asserts the defense." *Ibid.* "And because exhaustion is non-jurisdictional, even when the defense has been preserved and asserted by the respondent throughout the proceeding, a court may skip over the exhaustion issue if it is easier to deny (not grant, of course, but deny) the petition on the merits without reaching the exhaustion question." *Ibid.*

## II. The Antiterrorism and Effective Death Penalty Act ("AEDPA")

Under AEDPA, "a person in custody pursuant to the judgment of a State court" has one year to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). That one-year period "runs from the latest of" the following dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

3

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D). But this limitations defense is waivable. *See Day v. McDonough*, 547 U.S. 198, 210 n.11 (2006) ("[S]hould a State intelligently waive a statute of limitations defense, a district court would not be at liberty to disregard that choice.").

Beyond meeting this one-year window, though, federal habeas petitioners must also *exhaust* their claims by "*properly* present[ing] [them] to the state courts." *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) (emphasis in original). Specifically, federal habeas petitioners must "fairly present every issue raised in [their] federal petition to the state's highest court, either on direct appeal or on collateral review." *Mason v. Allen*, 605 F.3d 1114, 1119 (11th Cir. 2010) (cleaned up). "If a petitioner fail[ed] to 'properly' present his claim to the state court—by exhausting his claim[ ] and complying with the applicable state procedure—prior to bringing his federal habeas claim, then [§ 2254] typically bars [courts] from reviewing the claim." *Ibid.* In other words, where a petitioner has not "*properly* presented his claims to the state courts," the petitioner will have "procedurally defaulted his claims" in federal court. *O'Sullivan*, 526 U.S. at 848.

There are, to be sure, two exceptions to the general rule that a federal court may not consider a procedurally defaulted claim on the merits: "cause and prejudice" and "actual innocence." *Dretke v. Haley*, 541 U.S. 386, 393 (2004) ("[A] federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. We have recognized a narrow exception to the general rule when the habeas applicant can demonstrate that the alleged constitutional error has resulted in the conviction of one who is actually innocent of the underlying offense."). A habeas petitioner can establish "cause and prejudice" if (1) "some objective factor external to the defense impeded the effort to raise the claim properly in the state court," and (2) "there is at least a reasonable probability that the result of the proceeding would

have been different." *Harris v. Comm'r, Ala. Dep't of Corr.*, 874 F.3d 682, 688 (11th Cir. 2017). "Actual innocence," on the other hand, "applies to a severely confined category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin v. Perkins*, 569 U.S. 383, 395 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). The petitioner bears the burden of establishing that one of these exceptions to the procedural-default rule applies. *See Gordon v. Nagle*, 2 F.3d 385, 388 (11th Cir. 1993) ("A defendant has the burden of establishing cause and prejudice."); *Arthur v. Allen*, 452 F.3d 1234, 1245 (11th Cir. 2006) ("The petitioner must support the actual innocence claim with new reliable evidence[.]" (cleaned up)).

All that said, "[s]tates can waive procedural bar defenses in federal habeas proceedings, including exhaustion." *Vazquez v. Sec'y, Fla. Dep't of Corr.*, 827 F.3d 964, 966 (11th Cir. 2016) (cleaned up)). But "[a] State shall not be deemed to have waived the exhaustion requirement . . . unless the State, through counsel, *expressly* waives the requirement." 28 U.S.C. § 2254(b)(3) (emphasis added); *see also McNair v. Campbell*, 416 F.3d 1291, 1304 (11th Cir. 2005) (same).

## ANALYSIS

The parties disagree on the merits of Ruiz's Petition. We needn't resolve the merits here, however, because the parties *do* agree that Ruiz never filed an administrative grievance with the Florida Department of Corrections ("FDOC" or "Department") to challenge his state-time credits. *See* Petition at 3 ("No time to file grievances."); Response at 4 ("Upon a review of the grievances filed by [Ruiz], there were no grievances addressing the issues presented in the Petition"). Indeed, the Respondent "was unable to find any state court action by [Ruiz] that addressed the issue of any missing credit on his state sentence while in federal custody awaiting sentencing[.]" Response at 4 (cleaned up). Since "[a] state court must have the first opportunity to review and correct any alleged violation of a federal right[,]" the Respondent asks us to dismiss the Petition because of Ruiz's failure to exhaust his available state remedies. *Id.* at 3 (citation omitted). And we agree.

As an initial matter, Ruiz brought his Petition under § 2241. *See* Petition at 1. But, because Ruiz is "a state prisoner in custody pursuant to the judgment of a state court," his Petition "is subject both to § 2241 *and* to § 2254, with its attendant restrictions." *Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004) (emphasis added) (citing *Medberry v. Crosby*, 351 F.3d 1049, 1064 (11th Cir. 2003)); *see also id.* at 787 (applying "the procedural requirements of § 2254" to a state prisoner's § 2241 petition, in which he challenged his parole proceedings before the Florida Parole Commission); *Samak v. Warden, FCC Coleman-Medium*, 766 F.3d 1271, 1283 (11th Cir. 2014) (Pryor, C.J., concurring) ("[O]ur Circuit requires state prisoners who challenge the execution of their sentences to comply with the procedural requirements of [28 U.S.C.] § 2254."). Ruiz, in short, had to exhaust his available state remedies before filing his Petition. *See Dill v. Holt*, 371 F.3d 1301, 1303 (11th Cir. 2004) ("Because Dill is still in custody of officials of the state pursuant to the judgment of a state court, his § 2241 petition must comply with § 2254's exhaustion requirement[.]" (citing *Medberry*, 351 F.3d at 1059–62)); *Thomas*, 371 F.3d at 812 (Tjoflat, J., specially concurring) ("[A]lthough there is a distinction in the statutory language of §§ 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." (quoting *Moore v. DeYoung*, 515 F.2d 437, 442 (3d Cir. 1975))).

It's clear, then, that Ruiz had to exhaust those remedies "available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A); *see also id.* § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Under Florida law, "an inmate dissatisfied with an administrative action of [the FDOC] is required to exhaust available administrative remedies." *Canete v. Fla. Dep't of Corr.*, 967 So. 2d 412, 415 (Fla. 1st DCA 2007) (cleaned up); *see also* FLA. ADMIN. CODE § 33-601.101(5)(b) (requiring inmates who were "out-to-court" to challenge "the failure to have received notice of [a] gain time award . . . . pursuant to the formal grievance process no later than fifteen days from the date of return to a Department facility");

6

*see also Cunningham v. State*, 932 So.2d 1202, 1204 (Fla. 4th DCA 2006) (requiring a movant to "pursue and exhaust his administrative remedies before returning to the circuit court" to dispute the FDOC's removal of jail credit). Ruiz was then required to challenge any adverse decision in state court. *See, e.g., Green v. State*, 698 So. 2d 575, 576 (Fla. 5th DCA 1997) ("If Green has not been given the correct credit, his remedy is to file an administrative complaint with the Department. If the Department fails to correct any error, Green may then file a petition for writ of mandamus in the circuit court within the jurisdiction where he is incarcerated to compel the Department to award the proper credit[.]").

Ruiz plainly didn't exhaust his administrative remedies within the FDOC, and he's proffered no evidence to suggest otherwise. *See* Ruiz's Inmate Grievances [ECF No. 8-7] at 5 (reflecting only one administrative grievance, filed on February 12, 2025, *after* Ruiz's return from federal custody, over "general kiosk/tablet issues"). Ruiz (it's true) casually mentions that he had "[n]o time to file grievances," but that's all he says about this crucial issue. Petition at 3. He offers *no* facts to explain why he lacked sufficient time, he never says that someone (or something) prevented him from filing a grievance, and he never suggests that any such grievance would have been futile. In short, because Ruiz "has failed to pursue these state remedies in full (or even partially, for that matter), he has not met § 2254(b)(1)(A)'s exhaustion requirement." *Dill*, 371 F.3d at 1303. As a result, his Petition must be dismissed.

*       *       *

We therefore **ORDER AND ADJUDGE** that Alberto Francisco Ruiz's Petition [ECF No. 1] is **DISMISSED without prejudice** for failure to exhaust his state-court remedies. All pending motions are **DENIED as moot**. The Clerk shall **CLOSE** this case.

**DONE AND ORDERED** in the Southern District of Florida on April 30, 2025.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:  counsel of record
     Alberto Francisco Ruiz, *pro se*